ROSEMARY LEDET, Judge.
| T This is a criminal appeal. The defendant, David Bender, appeals his conviction and sentence for simple burglary of a vehicle, a violation of La. R.S. 14:62. Finding merit to Mr. Bender’s argument that the district court erred in accepting the State’s use of a juror’s prior convictions as a race-neutral reason for a peremptory strike during a Batson challenge, we reverse his conviction and remand for a new trial.[1]

STATEMENT OF THE CASE

On June 16, 2011, Mr. Bender was charged by bill of information with one count of simple burglary of a vehicle. On June 20, 2011, Mr. Bender pled not guilty at his arraignment. On August 5, 2011, the district court found probable cause. On October 8, 2011, a jury trial was held; the jury found Mr. Bender guilty as charged. On December 1, 2011, the district court denied Mr. Bender’s motions for new trial and post judgment verdict of acquittal. On February 5, 2012, the district court sentenced Mr. Bender to serve ten years at hard labor, with credit for time served. On July 30, 2012, a multiple bill hearing was held. The district court |2adjudicated Mr. Bender a second felony offender, vacated the prior sentence, and resentenced Mr. Bender to sixteen years at hard labor, with credit for time served. This appeal followed.

STATEMENT OF THE FACTS

On June 8, 2011, Juan Carlos Molina was residing at 1416 Erato Street in New Orleans. At about 12:30 a.m. that day, Mr. Molina was watching television in his living room when he heard noises outside. When he looked out his window, he saw Mr. Bender standing by his Ford Explorer. Mr. Bender broke the passenger side window of the vehicle, cleared the glass away, and climbed into the vehicle through the window. Because Mr. Molina did not speak fluent English, he woke up his roommate, Rodrigo Mendoza, to help him call 911 to report the incident. When the police arrived on the scene, Mr. Molina spoke to them using Mr. Mendoza as an interpreter. Mr. Molina testified that Mr. Bender made a mess in his vehicle and that he took the GPS system, telephone charger, and radio out of the vehicle. Mr. Molina identified the title and registration to his vehicle. He testified that he did not give Mr. Bender permission to be in his vehicle.
Mr. Mendoza confirmed Mr. Molina’s testimony that Mr. Molina woke him up him around 12:45 a.m. to assist him with a 911 call. At trial, Mr. Mendoza identified *869 his voice on the 911 call tape. Mr. Mendoza stated that he watched Mr. Bender in Mr. Molina’s vehicle while they placed the 911 call.
At 12:45 a.m. on June 8, 2011, Officer Timothy Sisón and Detective Rob Barriere of the New Orleans Police Department (the “N.O.P.D.”) were on patrol |3when they received a call of a car burglary in the 1400 block of Erato Street. When the officers arrived on the scene, they observed that Mr. Bender was in the vehicle and that the passenger side window was broken. The officers identified themselves and ordered Mr. Bender to exit the vehicle and to get on the ground. At that point, Detective Jonathan Bulling arrived on the scene. The officers arrested Mr. Bender and placed him in handcuffs. Detective Bulling performed a search incident to arrest; he found a pair of pliers in Mr. Bender’s pants pocket. He advised Mr. Bender of his Miranda rights. Mr. Bender denied any involvement in the alleged car burglary, but he admitted that a bicycle found nearby belonged to him.
The officers observed that the interior of the vehicle had been ransacked. The radio was still intact, but it was halfway out of the dashboard. Detective Bulling met with the owner of the vehicle, Mr. Molina, and the witness, Mr. Mendoza. Officer Sisón and Detective Barriere secured Mr. Bender and the crime scene. Crime scene technicians were called to the scene, and they took photographs of the scene and searched for fingerprints. Several items were found on the porch of the residence located at 1412 Erato Street, including a cell phone, two cell phone chargers, a screwdriver, a black GPS holder, a bottle of cologne, and two pairs of sunglasses. Mr. Molina and Mr. Mendoza identified these items as belonging to them.
14 Officer Jamar Goiens, with the Sixth District Night Watch, testified that the 911 call was received about 12:38 a.m. on June 8, 2012. When he arrived on the scene at 1:44 a.m., six police officers were already on the scene.

DISCUSSION

ERRORS PATENT

A review of the record for errors patent reveals none.

ASSIGNMENT OF ERROR

Mr. Bender’s sole assignment of error is that the district court erred in accepting the State’s use of a juror’s prior convictions as a race-neutral reason for a peremptory strike during a Batson challenge. This court recently summarized the requirements for a Batson challenge in State v. Holand, 10-0325, pp. 6-7 (La.App. 4 Cir. 4/18/11), 64 So.3d 330, 333-34, as follows:
In Batson, the United States Supreme Court adopted a three step process for determining whether a prosecutor has exercised a peremptory challenge in a racially discriminatory fashion. The defendant first must demonstrate a prima facie ease of purposeful discrimination (step one). Once the defendant establishes a prima facie case of discrimination, the burden shifts to the prosecutor to give race-neutral reasons for the peremptory challenges (step two). After the prosecutor has presented his reasons, the trial court must assess the weight and credibility of the explanation to determine whether the defendant has met the ultimate burden of proving purposeful discrimination (step three). Batson, 476 U.S. at 93-95, 106 S.Ct. 1712.
Id. The instant appeal involves only step two: the requirement that the prosecutor give race-neutral reasons for the peremptory challenge.
A district court’s findings regarding a Batson challenge are entitled to *870 great deference on appeal. State v. Juniors, 03-2425, p. 28 (La.6/29/05), 915 So.2d 291, 316. When a defendant voices a Bat-son challenge to the State’s exercise of a peremptory challenge, the finding of the absence of discriminatory intent depends Isupon whether the district court finds the prosecutor’s race-neutral explanations to be credible. State v. Maxwell, 11-0564, p. 5 (La.App. 4 Cir. 12/21/11), 83 So.3d 113, 118. A reviewing court owes a district court’s evaluations of discriminatory intent great deference and should not reverse them unless they are clearly erroneous. State v. Elie, 05-1569, p. 5 (La.7/10/06), 936 So.2d 791, 795.
The jurisprudence has recognized that a prospective juror’s prior criminal record is a legitimate race-neutral explanation for excluding a juror. State v. Dabney, 91-2051 (La.App. 4 Cir. 3/15/94), 633 So.2d 1369, 1375-76; State v. Knighten, 609 So.2d 950 (La.App. 4 Cir.1992). In Knighten, this court established criteria for accepting prior arrest records of prospective jurors as a race-neutral reason:
We, therefore, hold that where the prosecutor uses prior arrest records as a purported race-neutral reason in response to a Batson claim, he must provide the defense attorney with evidence of those records, if the defense attorney requests further proof of the prior arrest, and that the arrest records be furnished to the trial judge and be put on the record.
Knighten, 609 So.2d at 957.
In Knighten, supra, the defendant made a Batson challenge after the State excluded six African-American prospective jurors. The prosecutor, in providing reasons for the exclusion, stated that two of the excluded jurors had either previous criminal or civil arrests. The defense attorney informed the trial court that the arrest records of the venire members were not made available to him, and that he knew of no prior arrests. This court noted that the prosecutor never entered the alleged arrest records into the trial record or even showed them to the judge or opposing counsel. Also, the trial judge never asked to see the records. This court [fiheld that the trial court was in error when it accepted this proffered explanation as a legitimate race-neutral reason for excluding those jurors. This court stated:
The fact that an alleged prior arrest record was used as the race-neutral reason for two of the prosecutor’s peremptory exclusions does not form the gravamen of our concern. We understand that a prior arrest may cause an unfavorable view to the State’s case. State v. Thompson, 516 So.2d 349, 354 (La.1987). However, when such a bias or prior arrest is not determined through voir dire, which is the very purpose of voir dire, the defendant must have the opportunity to show whether a prior arrest actually exists or that other venire members, not of the same race, with similar prior arrests were not excluded by peremptory challenge. In the present case, defense counsel learned after the fact that the excluded jurors had allegedly been arrested. Thus, he could never ask the jurors any questions concerning the veracity and background of the arrests or the nature of the alleged charge. He could never make a record to show that there might be a confusion in the computer that generated the information withheld from the defense by the prosecutor during voir dire. Additionally, the defense could not demonstrate during voir dire that these presumptively innocent citizens were not arrested at a date and time when African-American citizens were arrested under statutes long ago held unconstitutional. To ask about arrests on general voir dire may have been embarrassing for the potential juror, yet, it is entirely *871 possible that white jurors may also have been similarly situated.
We simply cannot tell from this record how the prosecutor determined that the challenged jurors had arrest records. We have no more than unsworn statements of the prosecutor unaided by exhibits of records, affidavits or cross-examination. The fact that the prosecutor did not disclose the alleged arrest information to the defense until her challenges had been made, precluded the defense from developing an adequate record on appeal. As the defense attorney is protecting the constitutional rights of both the defendant and the excluded juror, he must be given the opportunity to show that the prosecutor’s reasons are either not legitimate or merely pretext. Furthermore, the trial judge, in order to properly weigh the evidence, would also need to see the arrest records to be able to make the same determination. Without the prosecutor producing such records, neither the defense attorney nor the judge would be able to determine whether the prosecutor’s reasons satisfy the requirements established in Batson, 476 U.S. at 98, 106 S.Ct. at 1723-1724.
We, therefore, hold that where the prosecutor uses prior arrest records as a purported race-neutral reason in response to a Batson |7claim, he must provide the defense attorney with evidence of those records, if the defense attorney requests further proof of the prior arrest, and that the arrest records be furnished to the trial judge and be put on the record.
Knighten, 609 So.2d at 956-957.
In Dabney, supra, after the defendant set forth a Batson challenge, the proseeutor indicated that that he had excluded a particular juror because of his young age, his prior arrests, and his unresponsiveness. This court found that the State violated the Knighten criteria, but concluded the error was harmless because the defense attorney failed either to request the records from the prosecutor or to alert the judge that the defense was unaware of the prior arrests. This court reasoned:
It is not our purpose to dilute or weaken the Knighten criteria; however, counsel for the defense must request the arrest records from the State or alert the judge that the records were not available to counsel or that counsel was unaware of the juror’s prior record. Failing to comply with any of these standards constitutes a waiver of any requirement that the State produce the arrest records. However, whenever defense counsel or the court requests production of the records in the possession of the State, the State must produce the evidence to opposing counsel or the court.
Dabney, 91-2051 at p. 8, 633 So.2d at 1375-76.
In the instant case, defense counsel made a Batson challenge after the prosecutor had excluded three African-American potential jurors. Although the district court did not state whether the defendant had made a prima facie case, it requested reasons for the exclusions from the State.[2] The prosecutor provided the reasons for the exclusions, and the trial court denied the defendant’s Batson 1 ^challenge, finding that the reasons were race-neutral. The defendant only seeks review of the reasons *872 given for the exclusion of one juror, Ms. Joseph. The prosecutor stated that Ms. Joseph was excluded because she had pri- or convictions. Defense counsel objected, stating: “the fact that Ms. Joseph has convictions is information that the District Attorney has access to that the defense counsel has not. And I would object as to Mr. Bender’s due process rights under the United States constitution as to the state having access to that information.”
This present case is similar to Knighten, supra. The State only advised the defense counsel of Ms. Johnson’s prior convictions after defense counsel made a Batson challenge. The State never stated the nature of Ms. Johnson’s prior convictions. Defense counsel was prevented from asking Ms. Joseph any questions concerning the veracity and background of the convictions and making a record as to whether there were Caucasian jurors who had similar convictions. Additionally, the appellate record does not indicate how the prosecutor determined that Ms. Joseph had prior convictions. There are no exhibits, affidavits, or testimony other than the prosecutor’s unsworn statements to show that Ms. Joseph had prior convictions. The State did not specifically ask Ms. Joseph any questions during voir dire. Nor did Ms. Joseph volunteer any answers to the general questions asked by the State and defense counsel. The voir dire transcript reveals that the only time Ms. Joseph spoke occurred when defense counsel asked her where she lived and if she had been a victim of any crimes. The fact that the prosecutor did not disclose Ms. Joseph’s prior convictions until defense counsel made the Batson challenge prevented defense counsel from developing an adequate record on appeal. The trial court was in error for accepting, over defense counsel’s objection, the alleged prior convictions as a legitimate 13race-neutral reason for the exclusion of Ms. Joseph. As only one discriminatory exclusion is required to prove a Batson claim, the district court erred when it denied the defendant’s Batson challenge. Knighten, 609 So.2d at 958. We thus find the defendant’s assignment of error has merit.

DECREE

For the forgoing reasons, the defendant’s conviction and sentence are reversed; and this case is remanded for a new trial.
REVERSED AND REMANDED.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

. As this court has noted, “where a trial judge, without expressly ruling on the issue, asks that race-neutral reasons be given, the reviewing court may conclude that a prima facie case existed.” State v. Knighten, 609 So.2d 950, 953 (La.App. 4th Cir.1992) (citing State v. Collier, 553 So.2d 815, 819, n. 5 (La.1989)).