# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #045

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of September, 2014**, are as follows:

**BY KNOLL, J.**:

2013-K -1794        STATE OF LOUISIANA v. DAVID E. BENDER (Parish of Orleans)
                    (Simple Burglary of a Vehicle)

                    Accordingly, we reverse the judgment of the Court of Appeal,
                    reinstate defendant's conviction and sentence, and overrule
                    Knighten only insofar as it pertains to the Knighten "rule."
                    REVERSED.

                    JOHNSON, C.J., dissents.
                    VICTORY, J., dissents and assigns reasons.
                    HUGHES, J., concurs with reasons.

SUPREME COURT OF LOUISIANA

NO. 2013-K-1794

STATE OF LOUISIANA

VERSUS

DAVID E. BENDER

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

**KNOLL, J.**

This case requires us to determine whether the District Court's failure to observe the strictures of a rule jurisprudentially created by the Fourth Circuit in *State v. Knighten*, 609 So.2d 950 (La. App. 4 Cir. 1992), constitutes a violation of the defendant's equal protection and due process rights under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), requiring a reversal of the jury's guilty verdict. Following *voir dire*, defendant raised *Batson* challenges relative to three of the State's peremptory strikes. After hearing the State's proffered race-neutral reasons, the District Court denied defendant's *Batson* challenges. Citing the State's failure to follow the so-called "*Knighten* rule," the Court of Appeal reversed defendant's conviction and sentence and remanded the case for a new trial. We granted this writ to address the propriety of *Knighten*. *State v. Bender*, 13-1794 (La. 3/14/14), 134 So.3d 1184. Because we find the "*Knighten* rule" undermines the well-established *Batson* framework this Court has adopted and repeatedly applied, we reverse the judgment of the Court of Appeal, reinstate defendant's conviction and sentence, and overrule *Knighten* insofar as it

establishes the "*Knighten* rule."

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The State charged defendant with one count of simple burglary of a vehicle. Trial commenced in Orleans Parish on October 18, 2011. During *voir dire*, defense counsel raised a *Batson* challenge after the State struck three African-American prospective jurors, Charlene Joseph, Tessa Johnson, and Curtis Adams. At that point, without specifically finding defendant had established a pattern of purposeful discrimination, the District Court asked the State to articulate reasons for the strikes. Relevant to the issue before us, the State's proffered basis for exercising a strike against Ms. Joseph was her prior convictions.[1] During *voir dire*, neither the State nor defense counsel questioned Ms. Joseph about having a prior criminal record, and Ms. Joseph did not volunteer any information on this score. After the District Court accepted the State's explanation as race-neutral, defense counsel responded:

> Judge, just for the record, the fact that Ms. Joseph has convictions is information that the District Attorney has access to that defense does not.

> And I would object as to Mr. Bender's due process rights under the United States constitution as to the [S]tate having access to that information.

Thereafter, a jury composed of four African-American jurors and two Caucasian jurors found defendant guilty as charged.[2] On appeal, defendant challenged the District Court's denial of his *Batson* challenge of Ms. Joseph, arguing the State's use of Ms. Joseph's prior convictions as a race-neutral reason for a peremptory

---

[1] Defendant did not appeal the District Court's denial of its *Batson* challenge relative to Tessa Johnson and to Curtis Adams. The *voir dire* transcript indicates there were two jurors with the last name of Adams, one whom the District Court struck for cause (Herman Adams) and another upon whom the State exercised a peremptory strike (Curtis Adams). Because there was some confusion on the part of the District Court concerning which Adams was the subject of the defendant's *Batson* challenge, the District Court did not require the State to provide reasons for its strike of Curtis Adams. Nevertheless, the State on its own proffered that Curtis Adams' prior convictions were the basis of the strike. Although the State struck both Ms. Joseph and Curtis Adams because of prior convictions, we only review defendant's *Batson* challenge concerning Ms. Joseph as only this challenge is properly before us.

[2] On February 15, 2012, the District Court sentenced defendant to 10 years imprisonment at hard labor. Thereafter, the State filed a habitual offender bill, and following a hearing held on July 30, 2012, the District Court adjudicated defendant a second felony offender, vacated the previous sentence, and resentenced defendant to the enhanced term of 16 years imprisonment at hard labor.

strike violated the "*Knighten* rule." The Court of Appeal reversed defendant's conviction and sentence, and remanded the case for a new trial, finding pursuant to *Knighten* the District Court erred by accepting the State's proffered explanation as a legitimate race-neutral reason, over defendant's objection, without requiring the State to provide evidence of those records to the defense attorney. *State v. Bender*, 12-1682 (La. App. 4 Cir. 7/17/13), 120 So.3d 867.

## DISCUSSION

The issue before us is whether a violation of the Fourth Circuit's "*Knighten* rule" mandates a reversal of the jury's verdict under the United States Supreme Court's holding in *Batson*, which was originally adopted by this Court in *State v. Collier*, 553 So.2d 815 (La. 1989), and was codified by the Legislature in Louisiana Code of Criminal Procedure article 795. Under *Batson*, an equal protection violation occurs if a party exercises a peremptory challenge to exclude a prospective juror on the basis of a person's race. *State v. Elie*, 05-1569, p. 5 (La. 7/10/06), 936 So.2d 791, 795. The *Batson* analysis involves a three-step framework. As we have long held, it is the opponent of a peremptory strike, as the party alleging that he has been the victim of intentional discrimination, who carries the ultimate burden of persuasion. *State v. Green*, 94-0887, p. 28 (La. 5/22/95), 655 So.2d 272, 290 (quoting *Batson*, 476 U.S. at 94 n. 18, 106 S.Ct. at 1722 n. 18). Applying this framework to the instant case, it is clear the District Court did not err in denying defendant's *Batson* challenge.

First, the party raising the *Batson* challenge must make a *prima facie* case of racial discrimination. *Green*, 94-0887 at p. 24, 655 So.2d at 287-88; La.C.Cr.P. art. 795(C). If the defendant is unable to make out a *prima facie* case of racial discrimination, then the *Batson* challenge fails, and it is not necessary for the prosecutor to articulate "race-neutral" explanations for his strikes. *Id*. In this case, however, because the District Court asked the State to articulate race-neutral

3

reasons for its challenged peremptory strikes, our analysis begins with the second step in the *Batson* inquiry. *See Green*, 94-0887 at p. 25, 655 So.2d at 288 ("[A] trial judge's demand that a prosecutor justify his use of peremptory strikes is tantamount to a finding that the defense has produced enough evidence to support an inference of discriminatory purpose.").

In the second *Batson* step, the burden of production or going forward shifts to the prosecutor, who must offer a "race-neutral" explanation for his exercise of peremptory strikes. *Id.*; La.C.Cr.P. art. 795(C). The *Batson* explanation does not need to be persuasive, and unless a discriminatory intent is inherent in the explanation, the reason offered will be deemed race-neutral. *Elie*, 05-1569 at p. 5, 936 So.2d at 795. In the instant case, the State offered a legitimate race-neutral reason for striking Ms. Joseph, that is, that Ms. Joseph had prior convictions. *See State v. Thompson*, 516 So.2d 349, 354 (La. 1987), *cert. denied*, *Thompson v. Louisiana*, 488 U.S. 871, 109 S.Ct. 180 (1988), *reh'g denied*, 488 U.S. 976, 109 S.Ct. 517 (1988). Once the State offers a race-neutral explanation for the strike, it has fulfilled its burden of production. La.C.Cr.P. art. 795(E) ("The court shall allow to stand each peremptory challenge for which a satisfactory racially neutral or gender neutral reason is given."). Neither *Batson* nor its progeny require the State to produce anything further.

Finally, once the State provides its legitimate race-neutral reason, "the trial court…then [has] the duty to determine if the ***defendant*** has established purposeful discrimination." *Green*, 94-0887 at p. 27, 655 So.2d at 289 (quoting *Batson*, 476 U.S. at 98, 106 S.Ct. at 1724) (emphasis added). As this Court held in *Green*,

> [T]he proper inquiry in the final stage of the *Batson* analysis is not whether the State has disproved the existence of purposeful discrimination suggested by the defendant's *prima facie* case; rather, the question is whether the defendant's proof, when weighed against the prosecutor's proffered "race-neutral" reasons, is strong enough to persuade the trier-of-fact that such discriminatory intent is present.

4

94-0887 at p. 29, 655 So.2d at 290. Thus, while the State is only required to offer a *reason* for the strike, the defendant raising a *Batson* challenge must establish *proof* of discriminatory intent. Here, weighing defendant's unsupported assertion of discriminatory intent against the State's proffered race-neutral reason, we conclude the District Court did not err in denying defendant's *Batson* challenge.

Although the State's peremptory strike of Ms. Joseph survives analysis under this well-settled *Batson* framework, the Court of Appeal reversed the defendant's conviction and vacated his sentence because, in its estimation, the State failed to observe the strictures of the "*Knighten* rule," a jurisprudential rule of its own making. Under *Knighten*, the Fourth Circuit requires "the prosecutor [who] uses prior arrest records as a purported race-neutral reason in response to a *Batson* claim…[to] provide the defense attorney with evidence of those records, if the defense attorney requests further proof of the prior arrest, and that the arrest records be furnished to the trial judge and be put on the record." 609 So.2d at 957. *Batson*, however, simply requires the State to produce a race-neutral explanation for its strike, a reason which need not be persuasive provided discriminatory intent is not inherent in the explanation. *Elie*, 05-1569 at p. 5, 936 So.2d at 795; *State v. Nelson*, 10-1724, p. 16 (La. 3/13/12), 85 So.3d 21, 32-33 ("In rejecting defendants' proffered race-neutral reasons, the trial court reasoned that defendants failed to rebut the State's prima facie case of discrimination, essentially finding the defendants' reasons not persuasive enough. The court erred in putting the burden of persuasion on the defendants. *Batson* makes clear that the burden is on the *opponent* of the strike to show purposeful discrimination.") (internal citations omitted). By requiring the State to produce a prospective juror's arrest or conviction records, whether these records were requested or not, the Fourth Circuit has turned *Batson* on its head, effectively transferring the ultimate burden of persuasion to the State, a burden which we have long held belongs to the party,

here, ***defendant***, alleging he has been the victim of intentional discrimination. *Green*, 94-0887 at p. 28, 655 So.2d at 290. The "*Knighten* rule" has categorically undermined the *Batson* framework by unilaterally expanding the State's burden of production at step two of the *Batson* inquiry, forcing the State both to produce a race-neutral reason and to make that reason *persuasive*. *See Rice v. Collins*, 546 U.S. 333, 338, 126 S.Ct. 969, 973-74 (2006) ("Although the prosecutor must present a comprehensible reason, [t]he second step of this process does not demand an explanation that is persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices.") (internal quotations marks omitted); *Purkett v. Elem*, 514 U.S. 765, 769, 115 S.Ct. 1769, 1771 (1995) (finding prosecutor's proffered explanation that he struck a juror because he had long, unkempt hair, a mustache, and a beard to be race-neutral). In doing so, the Fourth Circuit has inappropriately assumed a rule-making function which belongs to the Legislature, not to the judiciary. Because the "*Knighten* rule" is at odds with *Batson* and its progeny and with Louisiana Code of Criminal Procedure article 795, we overrule *Knighten* insofar as it establishes the so-called "*Knighten* rule."

The defendant would have this Court believe, without these conviction records, he was powerless to prove the State's discriminatory intent. This is simply erroneous. As the transcript of *voir dire* reflects, it was fully within defendant's power to question Ms. Joseph during *voir dire* about her alleged convictions. Although defense counsel suggested at oral arguments that the District Court was unwilling to allow questioning of members of the venire, the transcript reveals this was not the case. Indeed, following defendant's objection to the court's denial of his motion to remove Juror Number Five (Nicole Barron) for cause, the District Court called Ms. Barron back to chambers for further questioning. Because it is the ***defendant*** who bears the burden of persuasion on a *Batson* challenge he raises, it is incumbent upon defense counsel to use the means available to him to carry his

burden to show the State's articulated reasons are pretextual. Requiring the State to carry this burden for him is neither necessary nor permitted under *Batson*.

Accordingly, we reverse the judgment of the Court of Appeal, reinstate defendant's conviction and sentence, and overrule *Knighten* only insofar as it pertains to the *Knighten* "rule."

**REVERSED**.

**SUPREME COURT OF LOUISIANA**

**NO. 2013-K-1794**

**STATE OF LOUISIANA**

**VERSUS**

**DAVID E. BENDER**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,**
**FOURTH CIRCUIT, PARISH OF ORLEANS**

**JOHNSON**, C.J. dissents

SUPREME COURT OF LOUISIANA

NO. 13-K-1794

*STATE OF LOUISIANA*

*VERSUS*

*DAVID BENDER*

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

**VICTORY, J.**, dissenting.

I disagree with the majority's holding that the State need simply assert that a potential juror has prior arrests or convictions to satisfy its burden of production under **Batson v. Kennedy**, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). I also disagree with the majority's belief that requiring the State to produce the arrest or conviction records turns its burden of production into a burden of persuasion in contravention of **Batson**. In my view, when a party exercises a peremptory challenge based on information known only to him and not observable during voir dire, the factual basis of that information must be disclosed to the other party and the court.

The Supreme Court in **Batson** held that an equal protection violation occurs if a party exercises a peremptory challenge to exclude a prospective juror on the basis of a person's race. **State v. Elie**, 05-1569 (La. 7/10/06), 936 So. 2d 791, 795. Under **Batson**, if the defendant makes a prima facie showing of discriminatory strikes, the burden of production shifts to the State to offer racially-neutral explanations for the challenged members.[1] The neutral explanation must be one which is clear,

---

[1] The Supreme Court's decision in **Hernandez v. New York**, 500 U.S. 352, 359, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991), held that the issue of whether the defendant has established a prima facie case becomes moot if the court requires, and the prosecutor responds, with his race-neutral reasons for excusing the prospective jurors. A trial judge may therefore effectively collapse the first two stages of **Batson** and rule on the question of discriminatory intent without deciding or even deciding incorrectly, the question of whether the defendant

reasonable, specific, legitimate and related to the particular case at bar. ***State v. Collier***, 553 So. 2d 815, 820 (La. 1989). The first two ***Batson*** steps govern the production of evidence that allows the trial court to determine the persuasiveness of the defendant's constitutional claim. ***Johnson v. California***, 545 U.S. 162, 171, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). Finally, the trial court must decide, in step three of the ***Batson*** analysis, whether the defendant has proven purposeful discrimination. ***Purkett v. Elem***, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam). In ***State v. Green***, 94-0887 (La. 5/22/95), 655 So. 2d 272, 289, we explained that in the third stage of the ***Batson*** analysis, "the trial court should examine all of the evidence available; essentially, this involves a comparison of the arguments and facts in support thereof posited in the defendant's *prima facie* offering with the 'race-neutral' reasons articulated by the prosecutor to determine whether the prosecutor engaged in purposeful discrimination." ***Id.*** at 289. "This comparison must be made in light of the record; although reviewing courts owe the trial judge proper deference in assessing the credibility of in-court testimony, . . . simple assertions of 'good faith' by the prosecutor are insufficient to counter a valid ***Batson*** challenge." ***Id.*** at 289-90.

As stated, the race-neutral explanation must be one which is clear, reasonable, specific, legitimate and related to the particular case at bar. ***Collier***, *supra* at 820. While a prior arrest and/or conviction is a sufficient race-neutral reason for the exercise of a peremptory challenge, ***State v. Thompson***, 516 So. 2d 349, 354 (La. 1987), *cert. denied*, ***Thompson v. Louisiana***, 488 U.S. 871, 109 S.Ct. 180 (1988), *reh'g denied*, 488 U.S. 976, 109 S.Ct. 517 (1988); ***State v. Griffin***, 563 So. 2d 334, 339 (La. App. 3 Cir.), *writ denied*, 567 So. 2d 100 (La. 1990); ***State v. Williams***, 545

---

established a prima facie case of purposeful discrimination.

2

So. 2d 651, 655 (La. App. 5 Cir. 1989), *writs denied,* 556 So. 2d 53 (La. 1990), 584

So. 2d 1157 (La. 1991), that reason still must be legitimate, i.e. based in fact, and not

mere pretext.[2]  Here, the defendant claims that arrest and conviction records are

readily available to the State, but not to the defense, and this appears to be the case.[3]

Thus, unlike the basis for other race-neutral reasons, such as a potential juror's facial

expressions or attitude, prior arrests and convictions are not observable or known to

anyone but the State during voir dire.  Therefore, the legitimacy of the reason for the

strike is unknown to the trial court or the defense.

The Fourth Circuit fashioned the *"Knighten rule"* to solve this problem:

> We simply cannot tell from this record how the prosecutor determined that the challenged jurors had arrest records.  We have no more than unsworn statements of the prosecutor unaided by exhibits of records, affidavits or cross-examination. The fact that the prosecutor did not disclose the alleged arrest information to the defense until her challenges had been made, precluded the defense from developing an adequate record on appeal.  As the defense attorney is protecting the constitutional rights of both the defendant and the excluded juror, he must be given the opportunity to show that the prosecutor's reasons are either not legitimate or merely pretext.  Furthermore, the trial judge, in order to properly weigh the evidence, would also need to see the arrest records to be able to make the same determination.  Without the prosecutor producing such records, neither the defense attorney nor the judge would be able to determine whether the prosecutor's reasons satisfy the requirements established in *Batson*, 476 U.S. at 98, 106 S.Ct. at 1723-1724.

> We, therefore, hold that where the prosecutor uses prior arrest records as a purported race-neutral reason in response to a *Batson* claim, he must provide the defense attorney with evidence of those records, if the defense attorney requests further proof of the prior arrest, and that

---

[2]*State v. Powell*, 598 So.2d 454, 462 (La. App. 2 Cir.), *writ denied*, 605 So. 2d 1089 (La. 1992) ("It would have been preferable for the prosecutor to place some evidence of [the prospective juror's] (and his son's) criminal cases on the record . . . . a potential for abuse [exists] when the prosecutor's explanation is not grounded on anything clearly established on the record."); *but see State v. Kandies*, *supra*, 467 S.E. 2d at 77 ("Absent evidence to the contrary, it is not unreasonable for the trial court to assume that the prosecutor is telling the truth with regard to the criminal records of prospective jurors.").

[3]Although not clear from the record, evidently the State has access to the records from the National Crime Information data base or the City of New Orleans Police computer. *See State v. Harvey*, 358 So. 2d 1224 (La. 1978) (describing the nature of the subpoenas the defendant issued to get the records).

the arrest records be furnished to the trial judge and be put on the record.

***State v. Knighten,*** 609 So. 2d 950, 957 (La. App. 4 Cir. 1992).[4]

This Court faced a similar issue in ***Green***, *supra,* when we addressed whether the State's claim that it was challenging a prospective juror because "he voted in a case in this court . . . the jury voted on a police case of a lesser charge," was sufficient to withstand the ***Batson*** analysis. We held that it was not:

> Regarding the statement of prior jury service, while we disagree with the court of appeal's strong pronouncement that it "is contradicted by the record," we do find that it is not supported by the record. <u>There is nothing in the record demonstrating how the prosecutor became aware of [the potential juror's] prior jury vote; the question was never asked of [the potential juror] during voir dire, and the prosecutor never articulated or presented documentary evidence showing the basis of his knowledge of [the potential juror's] vote.</u> Although the State during oral argument was able to present a plausible, and possibly satisfactory, answer to our concerns, the statements of counsel during oral argument are not part of the official record which we review in this case. <u>While we recognize that the defendant has the ultimate burden of persuasion in this case, we find that such an unsupported assertion, which has the appearance of being pulled out of "thin air," is simply too insubstantial to resist the *prima facie* case offered by the defense</u>. (Emphasis added.)

*Id.* at 291.[5]

Like in ***Green***, there is nothing in the record here supporting the State's assertion that Ms. Joseph had a prior conviction, and, therefore, no way of knowing whether the reason for the strike was legitimate. Thus, I have no problem in principle

---

[4]Most recently, we apparently agreed in principle with ***Knighten*** when we granted a priority writ application in ***State v. Smith***, 14-1204 (La. 5/17/14). There, the trial court ordered the State to turn over the arrest and conviction records of all potential jurors, and we granted the State's writ, reasoning as follows:

> **Writ granted.** The Court of Appeal's ruling is reversed. Its ruling broadens the ***Knighten*** rule, and the ruling itself is premature because (1) the State has not moved to strike a juror, (2) the defendant has not made a ***Batson*** challenge, and (3) the State has not offered a prospective juror's criminal record as reason for striking a juror. Further proceedings shall be conducted consistent with this ruling.

[5]However, the Court found another reason offered for the challenge of this juror was sufficient to overcome the ***Batson*** challenge, thus the jury verdict was not affected.

with the Fourth Circuit's ***Knighten*** rule, as it provides a simple way of requiring the State to produce a <u>legitimate</u> race-neutral reason, allowing a trial court to conduct a proper ***Batson*** analysis, and allowing a defendant to challenge a prosecutor's reason for striking a juror and make a proper record on appeal in a situation where the factual basis of prosecutor's reason is unknown and unobservable from voir dire. I am sure the State would insist on the same if defense counsel came up with a reason for challenging a juror to which only he was privy.

I point out that there are additional and simpler methods to solve this problem. Rather than relying on the word of the prosecutor, the credibility of the prosecutor's reason can be tested by any of several simple methods: (1) requiring the State to turn over the record; (2) questioning the challenged juror individually in chambers; (3) asking the entire jury pool at the beginning of voir dire whether there is any reason they might not be comfortable serving, including prior arrests or convictions; or (4) including prior arrests or convictions in the jurors' questionnaire.

In any event, the real issue in my mind is not whether ***Knighten*** was violated or whether ***Knighten*** is contrary to ***Batson.*** The real issue here is whether the State exercised a peremptory challenge to exclude Ms. Joseph on the basis of race and thus violated ***Batson.*** For only a ***Batson*** violation requires reversal of the jury verdict, and ***Batson*** is violated if the assertion that Ms. Joseph has a prior conviction is not true. If Ms. Joseph actually has a prior conviction, then the State's race-neutral reason is legitimate.[6] Because trial is over, the only way to know if the strike is

_____

[6]There are no other indications in the record of discriminatory intent. While the defendant's race is not disclosed, the jury that decided defendant's case was composed of four African-American jurors and two Caucasian jurors. Even under the most permissive reading of ***Batson***, it is difficult to perceive a discriminatory intent on the prosecutor's part. While Ms. Joseph was the first peremptory strike exercised by the State, there is absolutely no pattern of discrimination throughout the entire voir dire of this case.

legitimate is to require the State to go back to the trial court on remand and make a proffer of Ms. Joseph's conviction record. I would remand this case for that purpose.

For all of the foregoing reasons, I respectfully dissent.

SUPREME COURT OF LOUISIANA

No. 2013-K-1794

STATE OF LOUISIANA

VERSUS

DAVID E. BENDER

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

**HUGHES, J., concurring.**

The majority holds that "we reverse the judgment of the Court of Appeal, reinstate defendant's conviction and sentence, and overrule **Knighten** only insofar as it pertains to the **Knighten** 'rule'."

I agree the conviction should be reinstated. The jury consisted of four blacks and two whites. The trial judge specifically found that the defendant did not make a prima facie case of discrimination. The **Batson** challenge fails. The conviction should be reinstated.

Respectfully, there is no reason to delve into derivative **Batson** issues which are immaterial and unnecessary to resolve this case. I am less concerned about referring to the holding in the **Knighten** case as a "rule" than I am about the principle that information that is solely within the possession of one party, when used to determine constitutional rights, should be disclosed.