KNOLL, J.
| iThis case requires us to determine whether the District Court’s failure to observe the strictures of a rule jurispruden-tially created by the Fourth Circuit in State v. Knighten, 609 So.2d 950 (La.App. 4 Cir.1992), constitutes a violation of the defendant’s equal protection and due process rights under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), requiring a reversal of the jury’s guilty verdict. Following voir dire, defendant raised Batson challenges relative to three of the State’s peremptory strikes. After hearing the State’s proffered race-neutral reasons, the District Court denied defendant’s Batson challenges. Citing the State’s failure to follow the so-called “Knighten rule,” the Court of Appeal reversed defendant’s conviction and sentence and remanded the case for a new trial. We granted this writ to address the propriety of Knighten. State v. Bender, 13-1794 (La.3/14/14), 134 So.3d 1184. Because we find the “Knighten rule” undermines the well-established Batson framework this Court has adopted and repeatedly applied, we reverse the judgment of the Court of Appeal, reinstate defendant’s conviction and sentence, and overrule Knighten insofar as it | establishes the “Knighten rule.”
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
The State charged defendant with one count of simple burglary of a vehicle. Trial commenced in Orleans Parish on October 18, 2011. During voir dire, defense counsel raised a Batson challenge after the *128 State struck three African-American prospective jurors, Charlene Joseph, Tessa Johnson, and Curtis Adams. At that point, without specifically finding defendant had established a pattern of purposeful discrimination, the District Court asked the State to articulate reasons for the strikes. Relevant to the issue before us, the State’s proffered basis for exercising a strike against Ms. Joseph was her prior convictions.[1] During voir dire, neither the State nor defense counsel questioned Ms. Joseph about having a prior criminal record, and Ms. Joseph did not volunteer any information on this score. After the District Court accepted the State’s explanation as race-neutral, defense counsel responded:
Judge, just for the record, the fact that Ms. Joseph has convictions is information that the District Attorney has access to that defense does not.
And I would object as to Mr. Bender’s due process rights under the United States constitution as to the [Sjtate having access to that information.
Thereafter, a jury composed of four African-American jurors and two Caucasian jurors found defendant guilty as charged.[2] On appeal, defendant challenged the District Court’s denial of his Batson challenge of Ms. Joseph, arguing the State’s use of Ms. Joseph’s prior convictions as a race-neutral reason for a peremptory |3strike violated the “Knighten rule.” The Court of Appeal reversed defendant’s conviction and sentence, and remanded the case for a new trial, finding pursuant to Knighten the District Court erred by accepting the State’s proffered explanation as a legitimate race-neutral reason, over defendant’s objection, without requiring the State to provide evidence of those records to the defense attorney. State v. Bender, 12-1682 (La.App. 4 Cir. 7/17/13), 120 So.3d 867.
DISCUSSION
The issue before us is whether a violation of the Fourth Circuit’s “Knighten rule” mandates a reversal of the jury’s verdict under the United States Supreme Court’s holding in Batson, which was originally adopted by this Court in State v. Collier, 553 So.2d 815 (La.1989), and was codified by the Legislature in Louisiana Code of Criminal Procedure article 795. Under Batson, an equal protection violation occurs if a party exercises a peremptory challenge to exclude a prospective juror on the basis of a, person’s race. State v. Elie, 05-1569, p. 5 (La.7/10/06), 936 So.2d 791, 795. The Batson analysis involves a three-step framework. As we have long held, it is the opponent of a *129 peremptory strike, as the party alleging that he has been the victim of intentional discrimination, who carries the ultimate burden of persuasion. State v. Green, 94-0887, p. 28 (La.5/22/95), 655 So.2d 272, 290 (quoting Batson, 476 U.S. at 94 n. 18, 106 S.Ct. at 1722 n. 18). Applying this framework to the instant case, it is clear the District Court did not err in denying defendant’s Batson challenge.
First, the party raising the Batson challenge must make a prima facie case of racial discrimination. Green, 94-0887 at p. 24, 655 So.2d at 287-88; La.C.Cr.P. art. 795(C). If the defendant is unable to make out a prima facie case of racial discrimination, then the Batson challenge fails, and it is not necessary for the prosecutor to articulate “race-neutral” explanations for his strikes. Id. In this case, however, because the District Court asked the State to articulate race-neutral ^reasons for its challenged peremptory strikes, our analysis begins with the second step in the Batson inquiry. See Green, 94-0887 at p. 25, 655 So.2d at 288 (“[A] trial judge’s demand that a prosecutor justify his use of peremptory strikes is tantamount to a finding that the defense has produced enough evidence to support an inference of discriminatory purpose.”).
 In the second Batson step, the burden of production or going forward shifts to the prosecutor, who must offer a “race-neutral” explanation for his exercise of peremptory strikes. Id.; La.C.Cr.P. art. 795(C). The Batson explanation does not need to be persuasive, and unless a discriminatory intent is inherent in the explanation, the reason offered will be deemed race-neutral. Elie, 05-1569 at p. 5, 936 So.2d at 795. In the instant case, the State offered a legitimate race-neutral reason for striking Ms. Joseph, that is, that Ms. Joseph had prior convictions. See State v. Thompson, 516 So.2d 349, 354 (La.1987), cert. denied, Thompson v. Louisiana, 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988), reh’g denied, 488 U.S. 976, 109 S.Ct. 517, 102 L.Ed.2d 551 (1988). Once the State offers a race-neutral explanation for the strike, it has fulfilled its burden of production. La.C.Cr.P. art. 795(E) (“The court shall allow to stand each peremptory challenge for which a satisfactory racially neutral or gender neutral reason is given.”). Neither Batson nor its progeny require the State to produce anything further.
Finally, once the State provides its legitimate race-neutral reason, “the trial court ... then [has] the duty to determine if the defendant has established purposeful discrimination.” Green, 94-0887 at p. 27, 655 So.2d at 289 (quoting Batson, 476 U.S. at 98, 106 S.Ct. at 1724) (emphasis added). As this Court held in Green,
[T]he proper inquiry in the final stage of the Batson analysis is not whether the State has disproved the existence of purposeful discrimination suggested by the defendant’s prima facie case; rather, the question is whether the defendant’s proof, when weighed against the prosecutor’s proffered “race-neutral” reasons, is strong enough to persuade the trier-of-fact that such discriminatory intent is present.
94-0887 at p. 29, 655 So.2d at 290. Thus, while the State is only required to offer a reason for the strike, the defendant raising a Batson challenge must establish proof of discriminatory intent. Here, weighing defendant’s unsupported assertion of discriminatory intent against the State’s proffered race-neutral reason, we conclude the District Court did not err in denying defendant’s Batson challenge.
Although the State’s peremptory strike of Ms. Joseph survives analysis under this well-settled Batson framework, *130 the Court of Appeal reversed the defendant’s conviction and vacated his sentence because, in its estimation, the State failed to observe the strictures of the “Knighten rule,” a jurisprudential rule of its own making. Under Knighten, the Fourth Circuit requires “the prosecutor [who] uses prior arrest records as a purported race-neutral reason in response to a Batson claim ... [to] provide the defense attorney with evidence of those records, if the defense attorney requests further proof of the prior arrest, and that the arrest records be furnished to the trial judge and be put on the record.” 609 So.2d at 957. Batson, however, simply requires the State to produce a race-neutral explanation for its strike, a reason which need not be persuasive provided discriminatory intent is not inherent in the explanation. Elie, 05-1569 at p. 5, 936 So.2d at 795; State v. Nelson, 10-1724, p. 16 (La.3/13/12), 85 So.3d 21, 32-33 (“In rejecting defendants’ proffered race-neutral reasons, the trial court reasoned that defendants failed to rebut the State’s prima facie case of discrimination, essentially finding the defendants’ reasons not persuasive enough. The court erred in putting the burden of persuasion on the defendants. Batson makes clear that the burden is on the opponent of the strike to show purposeful discrimination.”) (internal citations omitted). By requiring the State to produce a prospective juror’s arrest or conviction records, whether these records were requested or not, the Fourth Circuit has turned Batson on its head, effectively transferring the ultimate burden of persuasion to the State, a burden which we have long held belongs to the party, | (ihere, defendant, alleging he has been the victim of intentional discrimination. Green, 94-0887 at p. 28, 655 So.2d at 290. The “Knighten rule” has categorically undermined the Batson framework by unilaterally expanding the State’s burden of production at step two of the Batson inquiry, forcing the State both to produce a race-neutral reason and to make that reason persuasive. See Rice v. Collins, 546 U.S. 333, 338, 126 S.Ct. 969, 973-74, 163 L.Ed.2d 824 (2006) (“Although the prosecutor must present a comprehensible reason, [t]he second step of this process does not demand an explanation that is persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices.”) (internal quotations marks omitted); Purkett v. Elem, 514 U.S. 765, 769, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995) (finding prosecutor’s proffered explanation that he struck a juror because he had long, unkempt hair, a mustache, and a beard to be race-neutral). In doing so, the Fourth Circuit has inappropriately assumed a rule-making function which belongs to the Legislature, not to the judiciary. Because the “Knighten rule” is at odds with Batson and its progeny and with Louisiana Code of Criminal Procedure article 795, we overrule Knighten insofar as it establishes the so-called “Knighten rule.”
The defendant would have this Court believe, without these conviction records, he was powerless to prove the State’s discriminatory intent. This is simply erroneous. As the transcript of voir dire reflects, it was fully within defendant’s power to question Ms. Joseph during voir dire about her alleged convictions. Although defense counsel suggested at oral arguments that the District Court was unwilling to allow questioning of members of the venire, the transcript reveals this was not the case. Indeed, following defendant’s objection to the court’s denial of his motion to remove Juror Number Five (Nicole Barron) for cause, the District Court called Ms. Barron back to chambers for further questioning. Because it is the defendant who bears the *131 burden of persuasion on a Batson challenge he raises, it is incumbent upon defense counsel to use the means available to him to carry his [7burden to show the State’s articulated reasons are pretextual. Requiring the State to carry this burden for him is neither necessary nor permitted under Batson.
Accordingly, we reverse the judgment of the Court of Appeal, reinstate defendant’s conviction and sentence, and overrule Knighten only insofar as it pertains to the Knighton “rule.”
REVERSED.
JOHNSON, C.J., dissents.
VICTORY, J., dissents and assigns reasons.
HUGHES, J., concurs with reasons.

. Defendant did not appeal the District Court's denial of its Batson challenge relative to Tessa Johnson and to Curtis Adams. The voir dire transcript indicates there were two jurors with the last name of Adams, one whom the District Court struck for cause (Herman Adams) and another upon whom the State exercised a peremptory strike (Curtis Adams). Because there was some confusion on the part of the District Court concerning which Adams was the subject of the defendant's Batson challenge, the District Court did not require the State to provide reasons for its strike of Curtis Adams. Nevertheless, the State on its own proffered that Curtis Adams' prior convictions were the basis of the strike. Although the State struck both Ms. Joseph and Curtis Adams because of prior convictions, we only review defendant’s Bat-son challenge concerning Ms. Joseph as only this challenge is properly before us.

. On February 15, 2012, the District Court sentenced defendant to 10 years imprisonment at hard labor. Thereafter, the State filed a habitual offender bill, and following a hearing held on July 30, 2012, the District Court adjudicated defendant a second felony offender, vacated the previous sentence, and resentenced defendant to the enhanced term of 16 years imprisonment at hard labor.